# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3726

———————

United States of America,            *
                                       *

         Appellee,        *   Appeal from the United States

                                     *   District Court for the District

   v.                         *   of South Dakota.

                                     *

Theodore Randelle Two Crow,   *      [UNPUBLISHED]

                                     *

         Appellant.       *

———————

Submitted:  March 13, 2006
Filed:  May 3, 2006

———————

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

———————

PER CURIAM.

The Government charged Theodore Randelle Two Crow with second-degree murder and the lesser-included offense of voluntary manslaughter for the beating death of another American Indian. See 18 U.S.C. §§ 1111, 1112, 1153. At trial, Two Crow asserted the killing was in self-defense. The jury convicted Two Crow of voluntary manslaughter, and the district court[*] sentenced Two Crow to 120 months in prison.

———————

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

On appeal, Two Crow first contends the district court committed error in admitting a photograph of him wearing jail clothes. During his testimony, Two Crow claimed his victim threw a punch at him and clipped him in the chin. The photograph was taken immediately after Two Crow's arrest, the day after the fight, and admitted to refute Two Crow's claim that his victim had hit him. The photograph shows Two Crow had no visible injuries. The district court properly decided the probative value of the photograph outweighed the danger of unfair prejudice. Actonet, Ltd. v. Allou Health & Beauty Care, 219 F.3d 836, 848 (8th Cir. 2000). The photograph was highly probative on Two Crow's claim of self-defense. Further, the district court gave a limiting instruction, decreasing the danger that unfair prejudice would result from the photograph's admission. United States v. Plumman, 409 F.3d 919, 928-29 (8th Cir. 2005). At defense counsel's request, the district court instructed the jury they were not to infer guilt from the fact that Two Crow was wearing a jail suit in the photograph. The court explained the photograph was not admitted to show Two Crow was in custody, but only to show what Two Crow looked like on that day.

Two Crow also argues the district court should not have admitted rebuttal evidence on his propensity for violence. After Two Crow testified he was "not the best fighter in the world" and was not an evil person, the Government asserted Two Crow had opened the door for questioning about the specifics of his earlier record. The district court agreed, and allowed the Government to ask Two Crow if he had a 1991 felony conviction for aggravated assault and a 1994 felony conviction for second-degree assault. We conclude the district court did not abuse its discretion in admitting evidence of the specific nature of Two Crow's earlier felonies. The fact that Two Crow was a convicted felon was admissible under Federal Rule of Evidence 609(a) to impeach Two Crow generally. The fact that the felonies were assaults was admissible because Two Crow opened the door to the more specific impeachment. See United States v. Amahia, 825 F.2d 177, 180 (8th Cir. 1987).

In any event, given the overwhelming evidence of Two Crow's guilt, any error in admitting the photograph or the fact that Two Crow's earlier convictions were assaults is harmless. See United States v. Noe, 411 F.3d 878, 886 (8th Cir. 2005). Several witnesses testified the victim did not threaten Two Crow, Two Crow pummeled the victim, and Two Crow stated he thought he had killed the victim. We thus affirm Two Crow's conviction.

After we heard oral arguments in this case, the Government notified us it had discovered eight other photographs of Two Crow taken on the date of his arrest. Following the discovery, Two Crow filed a motion for remand to enable him to move for a new trial on the grounds of newly discovered evidence. See Fed. R. Crim. P. 33(b)(1). To prevail on a motion for a new trial based on newly discovered evidence, Two Crow must show the photographs are "'of such a nature that, in a new trial, [they] would probably produce an acquittal.'" United States v. Holmes, 421 F.3d 683, 687 (8th Cir. 2005) (quoting United States v. Rouse, 410 F.3d 1005, 1009 (8th Cir. 2005)).

We do not believe the newly discovered photographs would probably produce an acquittal at a new trial. Four of the photographs show only Two Crow's hands, three show Two Crow from the chest up, and one is a full length shot. Although the latter four photographs show Two Crow in street clothing, it is obvious the photographs were "mug shots" because the wall behind Two Crow shows hash marks of a height chart used to show the height of the person being photographed. Thus, the photographs clearly indicate Two Crow was in custody. Further, even if the newly discovered photographs had been available at trial, it is likely the jail-garb photograph would have been admitted anyway because it was more probative of Two Crow's self-defense claim. The jail-garb photograph showed Two Crow in a short-sleeved shirt, and showed Two Crow had no injuries on his arms. The newly discovered photographs show Two Crow in a long-sleeved shirt, so his arms are not visible. Even if the newly discovered photographs were admitted at trial, they would not exculpate

Two Crow or bolster his self-defense claim.   Two Crow has no visible injuries in any of the photographs.  Because Two Crow could not prevail on a motion for a new trial, we deny his motion to remand.

     We thus affirm Two Crow's conviction.

_____